

**ORDERED in the Southern District of Florida on December 08, 2009.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ARCH ALUMINUM
& GLASS CO, INC., et al.[1].

Case No. 09-36232-BKC-JKO

Chapter 11
(Jointly Administered)

___

**INTERIM ORDER (I) PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FED.R.BANKR.P. 2014, 2016 AND 6003 AUTHORIZING THE RETENTION AND EMPLOYMENT OF PIPER JAFFRAY & CO. AS INVESTMENT BANKER FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE, (II) APPROVING PROPOSED FEE STRUCTURE, AND GRATING INTERIM RELIEF**

This cause came before the Court on December 2, 2009 at 1:30 p.m. upon the Debtors' Emergency Application (i) Pursuant to 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of Piper Jaffray & Co. as Investment Banker for the Debtors *Nunc Pro Tunc* to the Petition Date, (ii) Approving Proposed Fee Structure, and (iii) Request for Interim Relief (the "Application") [D.E. #16], and it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the

---

[1] The proposed jointly administered debtors are: Arch Aluminum & Glass Co., Inc; AAG Holdings, Inc.; Arch Aluminum, L.C.; Arch Aluminum and Glass International, Inc.; and AWP, LLC.

Debtors' bankruptcy estates; and good, adequate and sufficient cause has been shown to justify the immediate entry of this interim order; and it appearing that the relief requested is in the best interests of the Debtors' estate, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Affidavit of Victor G. Caruso, Managing Director of Piper Jaffray & Co.[2] (the "Caruso Affidavit"); and the Court being satisfied based on the representations made in the Application and the Caruso Affidavit that (a) Caruso and PJC do not hold or represent an interest adverse to the Debtors' estate, and (b) PJC is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Application is GRANTED on an interim basis *nunc pro tunc* to the Petition Date as provided herein.

2. None of the disclosures or representations set out in the Caruso Affidavit constitutes a conflict of interest or impairs the disinterestedness of PJC or otherwise precludes the Debtors' retention of Caruso and PJC in these Chapter 11 cases.

3. PJC's employment is necessary and would be in the best interests of the Debtors' estates, creditors, and other parties in interest.

4. Pursuant to 11 U.S.C. §§ 327 and 328, Fed.R.Bankr.P. 2014(a) and 2016, the Debtors are authorized to employ and retain PJC as of the Petition Date to represent the Debtors

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

in these Chapter 11 cases as their investment bankers in accordance with the terms and conditions set forth in this Application.

5. The investment banking services set forth in the PJC Agreement and summarized in the Application do not encompass other services or transactions that may be undertaken by PJC at the request of the Debtors. The terms and conditions of any such additional services, including compensation arrangements, would be set forth in a separate written agreement between the Debtors and PJC and would be subject to any necessary Court approval.

6. In consideration of the investment banking services provided by PJC, the Debtors are authorized to compensate PJC as set forth in the Application and the PJC Agreement and the terms of such compensation are hereby approved on an interim basis.

7. PJC shall be compensated and reimbursed for expenses in accordance with the terms of the PJC Agreement as set forth in the Application, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court.

8. Notwithstanding anything to the contrary in the PJC Agreement, the PJC Agreement shall be governed by Florida Law.

9. The Indemnification Provisions, as defined in the Application and set forth in the PJC Agreement, are approved, subject to the following modifications:

(a) All requests of PJC, its affiliates or any of its or their respective officers, directors, controlling persons, employees, affiliates, agents, counsel and other advisors (hereinafter collectively referred to as an "Indemnified Party") for payment of indemnification under the PJC Agreement shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the PJC Agreement, the Bankruptcy Code, the Bankruptcy Rules, and Local Rules and Orders of this Court;

(b) Notwithstanding the foregoing, in no event shall an Indemnified Party be indemnified or receive contribution or other payment under the PJC Agreement if the Debtors, their estates or the official committee of unsecured creditors appointed in this chapter 11 case asserts a claim, to the extent that the Court determines by final order that such claim arose out of bad-faith, self-dealing, gross negligence or willful misconduct on the part of that or any other Indemnified Party; and, for the avoidance of any doubt, to the extent of a finding of bad-faith, self-dealing, gross negligence or willful misconduct, the provisions of the PJC Agreement shall not be applicable, such that PJC's potential liability for such acts shall not be limited to the amounts received by PJC for services rendered in these chapter 11 cases; and

(c) In the event an Indemnified Party seeks reimbursement for attorneys' fees from the Debtors pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be subject to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and the approval of this Court under the standards of 11 U.S.C. 330 without regard to whether such attorney has been retained under 11 U.S.C. 327.

10. The requirements of Local Rule 2016-1 and the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases are modified as set forth herein. PJC shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. PJC may submit time records in a summary format that will set forth a description of the services rendered by each professional on behalf of the Debtors.

11. A final hearing on the Application is scheduled for December 17, 2009 at 9:30 a.m., prevailing Eastern Time, before this Court (the "Final Application Hearing").

12. In the event the Application is not granted on a final basis, PJC shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.

13. The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Motion or otherwise deemed waived.

14. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo standard at the Final Application Hearing.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
pbattista@gjb-law.com

Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest