

**ORDERED in the Southern District of Florida on December 18, 2009.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ARCH ALUMINUM
& GLASS CO, INC., et al.[1].

_____/

Case No. 09-36232-BKC-JKO

Chapter 11
(Jointly Administered)

**FINAL ORDER APPROVING THE ENGAGEMENT AGREEMENT BETWEEN THE DEBTORS, VINCENT J. COLISTRA AND PMCM, LLC, *NUNC PRO TUNC* TO THE PETITION DATE**

This cause came before the Court on December 17, 2009 at 9:30 a.m. upon the emergency motion (the "Motion") [D.E. #17] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of a final order approving the terms of the engagement agreement (the "Engagement Agreement") among PMCM, LLC ("PMCM") and the Debtors for the provision of a chief restructuring officer and related chief restructuring services by Vincent J. Colistra as set forth in detail in the Motion pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the relief requested is in the best interests of the Debtors' estate, their creditors and other parties in interest; and the Court having

---

[1]    The jointly administered debtors are: Arch Aluminum & Glass Co., Inc; AAG Holdings, Inc.; Arch Aluminum, L.C.; Arch Aluminum and Glass International, Inc.; and AWP, LLC.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Affidavit of Vincent J. Colistra attached to the Motion (the "Colistra Affidavit"); and the Court being satisfied based on the representations made in the Motion and the Colistra Affidavit that (a) Colistra and PMCM do not hold or represent an interest adverse to the Debtors' estate, and (b) PMCM is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that:

1. The Motion is GRANTED, on a final basis, *nunc pro tunc* as of the Petition Date as set forth herein.

2. None of the disclosures or representations set out in the Colistra Affidavit constitutes a conflict of interest or impairs the disinterestedness of PMCM or otherwise precludes the Debtors' retention of Colistra and PMCM in these Chapter 11 cases.

3. PMCM's engagement is necessary and would be in the best interests of the Debtors' estates, creditors, and other parties in interest.

4. The Debtors are authorized to engage PMCM as of the Petition Date to provide a chief restructuring officer and chief restructuring services through Vincent J. Colistra to the Debtors in these Chapter 11 cases in accordance with the terms and conditions set forth in the Motion.

5. The Debtors are authorized to compensate PMCM as set forth in the Motion and the Engagement Agreement and the terms of such compensation are hereby approved on an interim basis.

6. PMCM shall be compensated and reimbursed for expenses in accordance with the terms of the Engagement Agreement as set forth in the Motion, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Engagement Agreement shall be governed by Florida Law.

8. The Indemnification Provisions, as defined in the Application and set forth in the Engagement Agreement, are approved, subject to the following modifications:

(a) All requests of PMCM, its affiliates or any of its or their respective officers, directors, controlling persons, employees, affiliates, agents, counsel and other advisors (hereinafter collectively referred to as an "Indemnified Party") for payment of indemnification under the Engagement Agreement shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, and Local Rules and the others of this Court;

(b) Notwithstanding the foregoing, in no event shall an Indemnified Party be indemnified or receive contribution or other payment under the Engagement Agreement if the Debtors, their estates or the official committee of unsecured creditors appointed in this chapter 11 case asserts a claim, to the extent that the Court determines by final order that such claim arose out of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Party; and, for the avoidance of any doubt, to the extent of such finding, the provisions of the Engagement Agreement shall not be applicable, such that PMCM's potential liability for such acts shall not be limited to the amounts received by PMCM for services rendered in these chapter 11 cases; and

(c) In the event an Indemnified Party seeks reimbursement for attorneys' fees from the Debtors pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be subject to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and the approval of this Court under the standards of 11 U.S.C. 330 without regard to whether such attorney has been retained under 11 U.S.C. 327.

9. The Engagement Agreement is further modified as follows:

(a) For individuals no longer employed by PMCM at the time of participation in a legal proceeding regarding the Debtors, such former employees of PMCM shall be compensated as a witness pursuant to the rules of the applicable court and not as provided in the Engagement Agreement;

(b) PMCM shall extend its confidentiality term from 12 months to the later of: (i) 24 months from termination of the Engagement Agreement; or (ii) entry of a Final Decree in the Debtors' Chapter 11 cases.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
pbattista@gjb-law.com

Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest