ORDERED in the Southern District of Florida on  Dec 30, 2009



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ARCH ALUMINUM
& GLASS CO, INC., et al.[1].

Case No. 09-36232-BKC-JKO

Chapter 11
(Jointly Administered)

_____/

### THIRD INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 345 AND 363 AUTHORIZING (A) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (C) CONTINUED USE OF EXISTING BUSINESS FORMS

THIS MATTER came before the Court on the 30th day of December 2009 at 9:30 a.m., in Fort Lauderdale, Florida, upon the Debtors' Emergency Motion (1) for Authority to Continue Use of Existing Business Forms and Records; (2) Authority to Maintain Existing Corporate Bank Accounts and Cash Management System; and (3) Extension of Time to Comply With 11 U.S.C. §345 Investment Guidelines (the "Motion") [D.E. #9] filed by the above-captioned debtors in possession (collectively, the "Debtors"). The Motion seeks authorization to continue using

---

[1] The proposed jointly administered debtors are: Arch Aluminum & Glass Co., Inc; AAG Holdings, Inc.; Arch Aluminum and Glass International, Inc.; Arch Aluminum, L.C.; and AWP, LLC.

existing business forms and records, maintain existing bank accounts and cash management systems, and an extension of time to comply with the investment guidelines set forth in 11 U.S.C. § 345. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is ORDERED that:

1. The Motion is GRANTED, on an interim basis, *nunc pro tunc* to the Petition Date.

2. The Debtors are authorized, during this interim period, to use their existing check stock and business form stock, rather than obtain new stock reflecting their status as debtors in possession and listing the chapter 11 case numbers under which these cases are being jointly administered.

3. The Debtors are authorized and empowered to continue to manage their cash pursuant to the Cash Management Systems and to transfer funds by and among the Debtors as and when needed and in the amounts necessary or appropriate to maintain their operations.

4. The Debtors are directed to maintain records of all transfers within the Cash Management Systems so that all transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the commencement of these Chapter 11 cases.

5. The Debtors are authorized, during this interim period, to (i) designate, maintain, and continue to use any or all of their existing Bank Accounts, including those listed on Exhibit A to the Motion, in the names and with the account numbers existing immediately prior to the

commencement of their Chapter 11 cases; (ii) deposit funds in and withdraw funds from such Accounts by all usual means including, without limitation, checks, wire transfers, automated transfers, and other debits; and (iii) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

6. Nothing contained herein shall prevent the Debtors from opening new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, subject to the limitations and restrictions in the Court's orders, however any new bank accounts must be opened as a debtor-in-possession account in conformance with United States Trustee Guidelines.

7. The banks with which the Debtors maintain Bank Accounts as of the commencement of these Chapter 11 cases are authorized, during this interim period, to continue to maintain, service, and administer such bank accounts. Nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of the Debtors' Chapter 11 cases, except as otherwise provided by further order of the Court; provided, however, that any such bank may rely on the representations of the Debtors with respect to which any check drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to an order of the Court and that such bank shall have no liability to any party for relying on the representations of the Debtors as provided for herein.

8. The Debtors shall use their best efforts to assist PNC Bank in becoming an authorized depository in accordance with United States Trustee Guidelines for the Southern District of Florida.  The Debtors shall: (i) instruct their banks to add the designation "Debtor in Possession" or "DIP" to their current and any future domestic Bank Accounts with each such bank; and (ii) maintain records that recognize the distinction between pre-petition and post-petition transfers.

9. The Debtors are authorized to pay any Bank Account fee, including fees (if any)

that accrued prepetition, in the ordinary course of business.

10. The Debtors are granted an extension of through the hearing date listed below to come into compliance with 11 U.S.C. § 345(b). The form and manner in which the Debtors deposit and invest funds in accordance with their existing cash management policies is approved pending the expiration of the extended § 345(b) deadline provided herein, unless such deadline is again extended by the Court.

11. A further hearing, which may be a final hearing, on the relief sought hereunder shall be held on January 14, 2009 at 9:30 a.m. at the United States Bankruptcy Court, 299 East Broward Boulevard, Room 301, Fort Lauderdale, FL 33301. The Debtors shall serve copies of this Order upon the U.S. Trustee, all counsel of record, the secured creditors, the top 20 unsecured creditors via U.S. mail immediately upon receipt hereof, which shall constitute good and sufficient notice of the hearing. *The relief granted herein shall*

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### 

*Continue pending further order of court. /JKO*

Submitted by:

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 South East Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
pbattista@gjb-law.com

Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)