

**ORDERED in the Southern District of Florida on January 13, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ARCH ALUMINUM
& GLASS CO, INC., et al.[1].

_____/

Case No. 09-36232-BKC-JKO

Chapter 11
(Jointly Administered)

**FINAL ORDER PURSUANT TO 11 U.S.C. § 327(e) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF JOSEPH J. DEVINE
AND THE LAW FIRM OF SCHNADER HARRISON SEGAL & LEWIS LLP *NUNC PRO
TUNC* AS SPECIAL CORPORATE COUNSEL FOR DEBTORS-IN POSSESSION**

THIS CAUSE was before this Court on December 30, 2009 at 9:30 a.m. upon the emergency application (the "Application") [D.E. #28] of ARCH ALUMINUM & GLASS CO., INC. ("Arch") and four (4) of its subsidiaries, as jointly administered debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, pursuant to 11 U.S.C. § 327(e), authorizing each of the Debtors to employ and retain Joseph J. Devine and the law firm of Schnader Harrison Lewis & Segal LLP ("Schnader Harrison") under a general retainer as their

---

1    The jointly administered debtors are: Arch Aluminum & Glass Co., Inc; AAG Holdings, Inc.; Arch Aluminum, L.C.; Arch Aluminum and Glass International, Inc.; and AWP, LLC.

special corporate counsel in their Chapter 11 cases *nunc pro tunc* to the Petition Date; and it appearing that the relief requested is in the best interests of the Debtors' estate, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Affidavit of Joseph J. Devine attached to the Application (the "Devine Affidavit"); and the Court being satisfied based on the representations made in the Application and the Devine Affidavit that (a) Devine and Schnader Harrison do not hold or represent an interest adverse to the Debtors' estate on the matters upon which they are to be employed, and (b) Schnader Harrison is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(e) of the Bankruptcy Code and Local Rule 2014-1 in connection with the matters upon which they are to be employed; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that:

1. The Application is GRANTED, on a final basis, *nunc pro tunc* to the Petition Date.

2. None of the disclosures or representations set out in the Devine Affidavit constitutes a conflict of interest or impairs the disinterestedness of Schnader Harrison on the matters for which they are being employed or otherwise precludes the Debtors' retention of Devine or Schnader Harrison in these Chapter 11 cases as special corporate counsel.

3. The Debtors are authorized to employ and retain Devine and Schnader Harrison as their special corporate counsel in accordance with the terms and conditions set forth in this

Application.

4. Schnader Harrison is authorized to render professional services to the Debtors as described in the Application.

5. Schnader Harrison shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

6. The requirements for emergency motions set forth in Local Rule 9075-1 are satisfied by the contents of the Motion or otherwise deemed waived.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application. The Court finds that the entry of *nunc pro tunc* relief is warranted under the circumstances of these Chapter 11 cases.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

Submitted by:
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 South East Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
pbattista@gjb-law.com
Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)