UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ARCH ALUMINUM
& GLASS CO, INC., et al.[1].

_____/

Case No. 09-36232-BKC-JKO

Chapter 11
(Jointly Administered)

## NOTICE OF FILING
## AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT

Arch Aluminum & Glass Co., Inc. ("Arch Aluminum") and four (4) of its subsidiaries and affiliates, as jointly administered debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" or the "Company"), hereby files the Amendment No. 1 to Asset Purchase Agreement, dated as of January 27, 2010

Respectfully submitted this 28th day of January 2010,

> I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Debtors
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:  /s/    Michael L. Schuster
    Paul J. Battista, Esq.
    Florida Bar No. 884162
    pbattista@gjb-law.com
    Michael L. Schuster
    Florida Bar No. 57119
    mschuster@gjb-law.com

---

1    The jointly administered debtors are: Arch Aluminum & Glass Co., Inc; AAG Holdings, Inc.; Arch Aluminum and Glass International, Inc.; Arch Aluminum, L.C.; and AWP, LLC.

AMENDMENT NO. 1 TO
ASSET PURCHASE AGREEMENT

THIS AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT (this "Amendment") is made as of January 27, 2010, by and among ARCH EXTRUSION HOLDING CORP., a Delaware corporation f/k/a Arch Aluminum & Glass Enterprises, Inc. ("Purchaser"), AAG HOLDINGS, INC., a Florida corporation ("AAG"), ARCH ALUMINUM & GLASS CO., INC., a Florida corporation ("Arch"), ARCH ALUMINUM L.C., a Florida limited liability company ("Arch LC"), AWP, LLC, a Florida limited liability company ("AWP"), and ARCH ALUMINUM AND GLASS INTERNATIONAL, INC., a Florida corporation ("Arch International", and together with AAG, Arch, Arch LC, and AWP collectively, the "Sellers"). Capitalized terms not otherwise defined herein shall have the meanings assigned to such terms in the Asset Purchase Agreement dated as of the 14th day of January, 2010, by and among the parties hereto (the "Asset Purchase Agreement").

WHEREAS, the Sellers previously commenced the Chapter 11 Cases in Bankruptcy Court pursuant to chapter 11 of title 11 of the Bankruptcy Code;

WHEREAS, the Purchaser and the Sellers entered into the Asset Purchase Agreement on January 14, 2009;

WHEREAS, pursuant to Section 10.07 of the Asset Purchase Agreement, the Purchaser and the Sellers desire to amend certain provisions of the Asset Purchase Agreement to document certain modifications to the Asset Purchase Agreement agreed upon by the Purchaser and the Sellers.

NOW THEREFORE, in consideration of the mutual agreements and covenants made herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

**Section 1.** Amendment of Section 1.01 of the Asset Purchase Agreement. Section 1.01 of the Asset Purchase Agreement defining "Effective Time" is hereby amended and restated in its entirety as follows:

"Effective Time" means 11:59 pm EST on the Closing Date."

**Section 2.** Amendment of Section 2.08(a) of the Asset Purchase Agreement. Section 2.08(a) of the Asset Purchase Agreement is hereby deleted in its entirety and restated as follows:

(a) In connection with the Closing, the Sellers and the Purchaser (i) shall, or shall cause their respective Representatives to, conduct a physical count and audit of the Inventory as of the Effective Time; (ii) shall, or shall cause their respective Representatives to, to present a calculation in accordance with GAAP of the Receivables as of the Effective Time; (iii) shall, or shall cause their respective Representatives to, conduct a calculation of the Arch Canada Working Capital in accordance with Canadian GAAP as of the Effective Time; and (iv) shall jointly agree upon the Actual Price Adjustment. The parties agree and acknowledge that if the parties so elect this may be effectuated by the Sellers and its Representatives presenting a

PHDATA 3269304_5

calculation of the Actual Price Adjustment to the PNC Lenders, Purchaser and its Representatives (which they shall use their reasonable best efforts to deliver within thirty (30) days of the Closing) for review, comment, and agreement.

If the Sellers, PNC Lenders and the Purchaser are unable to agree on the Actual Price Adjustment within forty-five (45) days after Closing, the Sellers and the Purchaser shall submit to the Independent Accounting Firm for review and resolution all matters (but only such matters) that remain in dispute, and the Independent Accounting Firm shall make a final determination of the Actual Price Adjustment in each case, in accordance with GAAP or Canadian GAAP, as appropriate. The Sellers and the Purchaser will cooperate with the Independent Accounting Firm during the term of its engagement. The Independent Accounting Firm may not assign a value to any item in dispute greater than the greatest value assigned by the Sellers, on the one hand, or the Purchaser, on the other hand, or less than the smallest value for such item assigned by the Sellers, on the one hand, or the Purchaser, on the other hand. The Actual Price Adjustment shall become final and binding on the parties on the date the Independent Accounting Firm delivers its final resolution in writing (the "Independent Accounting Firm Report") to the parties (which the Independent Accounting Firm shall be instructed to deliver not more than thirty (30) days following submission of such disputed matters).

Section 3.   Effectiveness. Any reference in the Asset Purchase Agreement to "this Agreement" shall hereafter be deemed to refer to such agreement as hereby amended.

Section 4.   Miscellaneous.

4.1.   Counterparts. This Amendment may be executed and delivered (including by facsimile transmission or other electronic means) in one or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.

4.2.   Successors and Assigns. This Amendment shall be binding upon and inure to the benefit of the parties hereto and their respective successors (including any trustee, receiver, receiver-manager, interim receiver or monitor or similar officer appointed in respect of the Sellers in the Chapter 11 Cases) and permitted assigns, but shall not be assignable or delegable (i) by the Sellers without the prior written consent of the Purchaser and by Orders of the Bankruptcy Court, or (ii) by the Purchaser without the prior written consent of the Sellers or by Orders of the Bankruptcy Court; provided, however, the Purchaser may assign its rights hereunder to one or more of its Affiliates or other parties designated by it, which assignment shall not relieve the Purchaser of its obligations hereunder.

4.3.   Governing Law. This Amendment shall be governed as set forth in Section 10.11 of the Asset Purchase Agreement.

4.4.   Full Force and Effect. Except as specifically amended herein, the parties hereby agree and acknowledge that all of the terms and provisions set forth in the Asset Purchase Agreement remain in full force and effect in all respects.

[SIGNATURE PAGES FOLLOW]

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, the parties hereto have executed this Amendment on the date first written above.

**SELLERS:**

AAG HOLDINGS, INC.,
a Florida corporation

By: _____
Name: Leon Silverstein
Title: President

ARCH ALUMINUM & GLASS CO., INC.,
a Florida corporation

By: _____
Name: Leon Silverstein
Title: President

ARCH ALUMINUM L.C.,
a Florida limited liability company

By: _____
Name: Leon Silverstein
Title: President

AWP, LLC,
a Florida limited liability company

By: _____
Name: Leon Silverstein
Title: President

ARCH ALUMINUM AND GLASS INTERNATIONAL, INC.,
a Florida corporation

By: _____
Name: Leon Silverstein
Title: President

*Signature Page to Amendment No. 1 to Asset Purchase Agreement*

**PURCHASER:**

ARCH EXTRUSION HOLDING CORP., a
Delaware corporation f/k/a Arch Aluminum & Glass
Enterprises, Inc.

By: _____
Name:   Aaron P. Wolfe
Title:   Vice President

*Signature Page to Amendment No. 1 to Asset Purchase Agreement*