B210
(12/04)

# United States Bankruptcy Court

FILED BY __MC__

2010 APR 21  AM 9:38

CLERK, US BANKRUPTCY
COURT SO DIST. OF FL
FTL OFFICE

__Southern__ District of __Florida__

In re __Arch Aluminum & Glass__.   Case No. __09-36232__

Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

__Export Development Canada__   __Fenzi North America Inc.__
Name of Transferee                Name of Transferor

Name and Address where notices to transferee   Court Record Address of Transferor
should be sent                                  (Court Use Only)
__151 O'Connor St.__
__Ottawa, Ontario, Canada K1A 1K3__
__Attn: Jo-Ann Keech-Barker__
Phone: __613-598-3103__
Last Four Digits of Acct #: _____           Last Four Digits of Acct. #: _____

Name and Address where transferee payments     Name and Current Address of Transferor
should be sent (if different from above)       __Fenzi North America__
                                                __11 Dansk Crt.__
                                                __Etobicoke, Ontario, Canada M9W 5N6__
Phone: _____                               Phone: __416-674-3831__
                                                __Attn: David Devrnish__
Last Four Digits of Acct #: _____          Last Four Digits of Acct. #: _____

Court Claim # (if known): __285__
Date Claim Filed: __January 29, 2010__

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __Paul Hare, Senior Recovery Services Manager__    Date: __April 20, 2010__
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

                                                CLERK OF THE COURT

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: ARCH ALUMINUM & GLASS Co. INC.

Case Number: 09-36232-JKO

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): GENZI NORTH AMERICA

Name and address where notices should be sent:
11 DANSK COURT
TORONTO, ONTARIO
CANADA  M9W 5N6

Telephone number: 416-674-3831

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
SAME

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☑ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $273,466.08 US

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** GOODS/PRODUCTS SOLD
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: JAN 29/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*David Dewnish* – DAVID DEWNISH  G.M. FENZI NA

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



**MEMORANDUM**

**TO:** UNITED STATES BANKRUPTCY COURT
**FROM:** FENZI NORTH AMERICA
**DATE:** 1/29/2010
**CC:**

**RE: PROOF OF CLAIM – ARCH ALUMINUM & GLASS CO. INC.**
**CASE NUMBER 09-36232-JKO**

ENCLOSED PLEASE FIND PROOF OF CLAIM FOR THE ABOVE DEBTOR, ON BEHALF OF FENZI NORTH AMERICA. THERE IS NOT ENOUGH ROOM SHOWN ON ATTACHED FORM, SO BELOW PLEASE FIND INFORMATION REQUESTED.

**PART 3 - LIST OF ACCOUNTS / ACCOUNT NUMBER'S USED BY FENZI FOR ALL ARCH LOCATIONS.**

| Location | Account | Amount |
|---|---|---|
| ARCH ALUMINUM & GLASS – VILLA RICA, FL | ACCOUNT 1185U | $55,105.92 |
| ARCH ALUMINUM & GLASS – SALT LAKE CITY | ACCOUNT 1192U | $13,776.48 |
| ARCH ALUMINUM & GLASS - TULSA, OK | ACCOUNT 1193U | $13,776.48 |
| ARCH ALUMINUM & GLASS – INDIANAPOLIS, IN | ACCOUNT 1186U | $41,729.40 |
| ARCH ALUMINUM & GLASS – FORT WORTH, TX | ACCOUNT 1191U | $13,776.48 |
| ARCH ALUMINUM & GLASS –JACKSON, MS | ACCOUNT 1190U | $13,776.48 |
| ARCH ALUMINUM & GLASS – DENVER, CO | ACCOUNT 1189U | $14,087.56 |
| ARCH ALUMINUM & GLASS –NEW BERLIN, WI | ACCOUNT 1188U | $27,652.95 |
| ARCH ALUMINUM & GLASS –CUYAHOGA FALLS, OH | ACCOUNT 1183U | $41,799.02 |
| ARCH ALUMINUM & GLASS –BRIDGEPORT, NJ | ACCOUNT 1184U | $24,208.83 |
| ARCH ALUMINUM & GLASS – PHOENIX, AZ | ACCOUNT 1187U | $13,776.48 |
| | TOTAL CLAIM | $273,466.08 |

*Filed Proof of Claim Feb 1/10*
*Copies of invoicing/POD etc.*
*Look on website to confirm rec'd.*

Debt Number : 151523
Claim No. : 151523

# ASSIGNMENT AGREEMENT

This **ASSIGNMENT AGREEMENT** is made as of March 8, 2010, between

> Fenzi North America Inc (herein referred to as the "Assignor")
> 11 Dansk Crt
> Etobicoke, Ontario
> CANADA, M9W 5N6

> - and -

> Export Development Canada (herein referred to as the "Assignee")
> 151 O'Connor Street
> Ottawa, Ontario, Canada  K1A 1K3

**WHEREAS** the Assignee issued an insurance policy No. GE1-3877520090801 (the "Policy") to the Assignor, insuring against the risk of non-payment of amounts owing to the Assignor pursuant to various sales contracts;

**AND WHEREAS** Arch Aluminum & Glass Co, Inc (the "Buyer"), a corporation with offices located at Fort Lauderdale, UNITED STATES OF AMERICA has failed to make payments due and owing to the Assignor in an aggregate amount of US $ 273,466.08 (such payments due and owing to the Assignor are hereinafter referred to as the "Receivable"), such Receivable being due pursuant to the terms of one or more sales contracts between the Assignor and the Buyer (the "Contract") covered under the Policy;

**AND WHEREAS** pursuant to the terms of the Policy, the Assignee made a claim payment to the Assignor (the "Claim Payment") and upon making the Claim Payment, the Assignee has requested that the Assignor transfer and assign to the Assignee all right, title and interest in the Receivable;

**NOW THEREFORE**, in consideration of the Assignee making the Claim Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Assignment**

The Assignor hereby absolutely and unconditionally assigns, transfers, conveys and sets over unto the Assignee the entire unencumbered right, title, benefit and ownership interest in the Receivable and in the Contract with respect to the recovery of the Receivable. The Assignor shall provide all agreements and documents relating to or evidencing the Contract and the Receivable or otherwise existing among or between any of the Assignor, the Buyer or any third party in relation to the Contract, to have and to hold the same for the Assignee's use and benefit absolutely, together with all rights, claims, benefits, and advantages now or hereafter accruing with respect thereto or derived or to be derived therefrom.



### 2. Recovery Rights of the Assignee

As absolute assignee of, and in exercising the Assignee's absolute discretion over, the Contract with respect to the recovery of the Receivable as assigned and transferred hereunder, the Assignee may, and the Assignor hereby expressly acknowledges the absolute power of the Assignee to, realize, demand, recover, sue for and deal with the Contract with respect to the recovery of the Receivable, in such manner and at such times as the Assignee may, in the Assignee's absolute discretion, deem advisable. The Assignee may sign, execute and deliver good and sufficient agreements, receipts, releases and discharges therefore with full power and authority to compromise, settle and adjust the Receivable and the Contract with respect to the recovery of the Receivable on such terms, in such manner and at such times as the Assignee may determine.

### 3. No Assumption of Obligations

This Agreement shall not constitute a transfer or an assignment by the Assignor to the Assignee or an assumption by the Assignee of any liabilities or obligations of the Assignor under the Contract, or otherwise. The Assignee shall not be, and nothing contained herein shall be construed as rendering the Assignee, liable or responsible, directly or indirectly, for any liabilities or obligations of the Assignor to the Buyer or any third party, including, but not limited to, any claim by the Buyer or any third party for damages, set-offs, warranties, interest, costs, fees, charges or other expenses or any other claims of any nature.

### 4. Representations and Warranties

The Assignor hereby represents and warrants to the Assignee that :

(1) it has full power and authority to execute and deliver this Agreement and all documents delivered in connection herewith to which it is a party, and to perform and fulfill its obligations under and consummate the transactions contemplated by this Agreement, and this Agreement and all such documents and instruments have been duly executed and delivered by the Assignor;

(2) this Agreement constitutes a legal, valid and binding obligation of the Assignor, enforceable against the Assignor in accordance with its terms, except as such enforcement may be limited by applicable bankruptcy, insolvency, reorganization or similar laws relating to or limiting creditor's rights generally or by general principles of equity;

(3) the Contract is in full force and effect and is a legal, valid and binding obligation of the Assignor and the Buyer, enforceable in accordance with its terms;

(4) the Contract does not contain any provision, term or condition which could restrict, prohibit or adversely affect the Assignee's ability to collect the Receivable or enforce any rights or remedies with respect thereto;

(5) it has duly performed and fulfilled all its obligations under and in accordance with the Contract;

(6) the Receivable is legally required to be paid by the Buyer without, any defence against payment (including, but not limited to, a good faith dispute), conditions precedent or contingencies for payment, credits, abatement, set-off rights, right of compensation, retention or other deduction of any nature;

(7) subject to the rights of the Assignee and to the assignment and transfer contemplated by this Agreement:
 (a) the Receivable is due and owing to the Assignor;
 (b) no portion of the Receivable, or interest therein, has been sold, assigned, transferred, or pledged to or set-off with any third party, including the Buyer; and
 (c) the Assignor owns and has good and sole legal and beneficial title to the Receivable, and has the right to assign and transfer and is hereby assigning and transferring to the Assignee the entire legal and beneficial title to the Receivable free and clear of any mortgage, lien, charge, pledge, security interest, encumbrance or other right, claim or interest (howsoever arising) of any third party; and

(8) the Buyer has not denied, counterclaimed or contested in any manner whatsoever that the Receivable is due and owing by the Buyer to the Assignor.

### 5. Covenants

The Assignor hereby covenants and agrees that :

(1) The Assignor shall duly execute and deliver or cause to be executed and delivered all such other assurances, agreements, instruments and other documentation which the Assignee deems necessary or desirable to enable the Assignee to obtain the full benefit of this Agreement and to perfect or enforce the Assignee's rights hereunder. In connection therewith, the Assignor hereby irrevocably constitutes and appoints any officer of the Assignee the true and lawful attorney of the Assignor, with full power of substitution to do, make and execute all such agreements, instruments or documents, and to take such action as may be necessary in the name of the Assignor to carry out the intent of this Agreement; and

(2) the Assignor shall act with the utmost good faith in the performance of its obligations hereunder, and specifically, the Assignor shall assist and cooperate with the Assignee, to the extent required by the Assignee, in all efforts to collect and recover the Receivable and shall not take or refuse to take any action which could affect the Assignee's ability to exercise the rights granted hereunder.

### 15. Severability

Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction will, as to that jurisdiction, be ineffective to the extent of that prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of that provision in any other jurisdiction.

### 16. Non-Waiver

The Assignee hereby expressly reserves all rights under this Agreement. No action or failure to act by or on behalf of the Assignee in connection with this Agreement, shall constitute a waiver by the Assignee of any of its rights under this Agreement or prevent or estop the Assignee from thereafter exercising any of its rights under this Agreement. Furthermore, nothing in this Agreement shall constitute a waiver by the parties of any of their rights under the Policy or prevent or estop the parties exercising any of their rights under the Policy.

### 17. Entire Agreement

This Agreement and the related provisions of the Policy constitute the entire agreement between the parties with respect to the subject matter hereof. This Agreement may only be amended by instrument in writing, duly signed by both parties.

### 6. Repayment of Claim

(1) The Assignor shall, forthwith upon the Assignee's demand, repay the amount of the Claim Payment to the Assignee as well as pay to the Assignee all damages, interest, costs, fees, charges or other expenses incurred by the Assignee in relation to the Claim Payment and this Agreement if:

   (a) the Assignor breaches any covenant, term, agreement or provision contained in this Agreement;

   (b) any representation or warranty made by the Assignor in this Agreement is incorrect or false;

   (c) the Receivable is reduced in any way by set-off, counterclaim or otherwise; or

   (d) the Assignee is not entitled to commence, continue or maintain an action in respect of the Contract or the Receivable, or if any such action or award rendered therein is stayed or dismissed.

(2) Notwithstanding the provisions of Paragraph 6(1)(c) of this Agreement, if the Receivable is reduced to any amount other than zero, the Assignor shall be liable to repay to the Assignee only the portion of the Claim Payment equal to the difference between the amount of the Claim Payment and the amount that the Assignee would have been required to pay under the Policy had such reduction been known to the Assignee at the time of the Claim Payment.

### 7. Indemnity

The Assignor shall indemnify and save harmless the Assignee from and against any and all claims, suits, actions, liabilities, damages, set-offs, interest, costs, fees, charges or other expenses that may be brought against or incurred by the Assignee in connection with any reasonable and proper action that was taken by the Assignee in seeking to recover the Receivable, or that may have arisen out of an action or claim brought against the Assignee by the Buyer or any other party, if such action or claim was brought in respect of a failure to perform or an unreasonable action or inaction by the Assignor in relation to the Contract, or any related agreement, or otherwise.

### 8. Costs and Remittance and Sharing of Recoveries

Amounts recovered with respect to the Receivable and all external costs and expenses incurred to effect the recovery of such amounts will be shared between the Assignor and the Assignee in accordance with the terms of the Policy. Any amounts recovered by the Assignor shall be reported to and remitted to the Assignee in accordance with the terms of the Policy, and any failure by the Assignor to so report and remit shall be deemed to be a breach of this Agreement as well as a breach of the Policy.

### 9. Notice

The Assignor hereby covenants and agrees to give notice to the Buyer, its successors, assigns and any third party having an interest (including a trustee in bankruptcy), to pay any and all portions of the Receivable to and for the benefit of the Assignee at such place as the Assignee may so direct from time to time. The Assignor further covenants and agrees to cooperate with the Assignee should the Assignee give any such notice.

### 10. Legal Advice

The Assignor acknowledges that it has been given the opportunity to retain independent legal advice regarding this Agreement and all matters referred to herein or related hereto and the Assignor understands the nature and effect of this Agreement.

### 11. Enurement

All terms, representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall be binding upon and enure to the benefit of the parties and their respective, heirs, administrators, successors and permitted assigns.

### 12. Governing Law

This Agreement is made under and will be governed by and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable therein.

### 13. Language

The parties hereto have explicitly requested and hereby accept that this Agreement be drawn up in English. Les parties aux présentes ont expressément requis et acceptent par les présentes que ce document <<Agreement>> soit rédigé en anglais.

### 14. Counterparts

This Agreement may be executed in any number of counterparts and all the counterparts taken together will be deemed to constitute one and the same instrument, and the parties further agree that executed copies of this Agreement may be delivered by telefax and such telefax copy will have the same binding effect on the parties as would an original copy.

**IN WITNESS WHEREOF** the parties hereto have caused this Agreement to be duly executed by their respective authorized signatories as of the date set forth on the first page of this Agreement.

Fenzi North America Inc (Assignor)

By: _David Devenish_
Name: DAVID DEVENISH
Title: GENERAL MANAGER - FENZI NA

By: _____
Name: _____
Title: _____


Export Development Canada (Assignee)

By: _____
Name: Primilua Jansari
Title: CSM

By: _____
Name: Luc Pelletier
Title: CSM

Page 8 of 8